UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| CHRISTOPHER SCOTT KERR and ) | Case No. 07-40976 |
| ROBERTA ANNE KERR ) | Chapter 7 |
| Debtors. ) | |
| _____ ) | |
| ROBERTA S. DUNLAP, TRUSTEE ) | |
| Plaintiff. ) | |
| vs. ) | A.P. No. 07-4051 |
| FIFTH THIRD MORTGAGE COMPANY ) | |
| Defendant. ) | |
| _____ ) | |

**MEMORANDUM ON MOTIONS FOR SUMMARY JUDGMENT**

This proceeding comes before the Court on the cross motions for summary judgment filed by Roberta S. Dunlap, the Chapter 7 trustee (hereinafter "Trustee") and the defendant, Fifth Third Mortgage Company (hereinafter the "Fifth Third"). Upon consideration of the summary judgment motions, the stipulations filed by the parties, and the supporting documentation, the Court holds that summary judgment should be granted in favor of Fifth Third.

**I.    STATEMENT OF JURISDICTION**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and it is a core proceeding under 28 U.S.C. § 157(b)(2)(K). Venue of this adversary proceeding is proper under 28 U.S.C. §1409(a), as this proceeding arises in and relates to the debtors' Chapter 7 case pending in this District.

**II.   SUMMARY JUDGMENT STANDARD**

The Court can render summary judgment only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Summary judgment is appropriate when the record taken as a whole, and viewed in the light most favorable

to the nonmoving party, could not lead a rational trier of fact to find for the nonmoving party. Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing First Nat'l Bank v. Cities Service Co., 391 U.S. 253, 289 (1968)).  The party seeking summary judgment bears the burden initially of showing that there is no genuine issue of material fact. Celotex v. Catrett, 477 U.S. 317, 323 (1986). The moving party may rely on the pleadings, depositions, answers to interrogatories, and admissions on file.  Id.   When a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, summary judgment should be granted. Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 805 (1999) (quoting Celotex, 477 U.S. at 322).

**III.    FACTS**

1. On May 7, 2004, Christopher Scott Kerr and Roberta Anne Kerr (the "Debtors") granted a promissory note and mortgage in the original amount of $137,750.00 to Fifth Third in exchange for a loan in that amount.  The mortgage encumbered real property known as 9320 US Highway 41A, Henderson, KY 42420 (the "9320 Property").

2. On May 11, 2004, this mortgage was recorded in Henderson County, Kentucky, land records in Book 858, Page 58.

3. Debtors also own (or owned) the real estate located at 2762 Knoll Top Lane, Henderson, Kentucky, 42420 (the "Knoll Top Property"). Debtors also granted a mortgage in the original amount of $35,180.00 to Fifth Third.

4. The Knoll Top mortgage was executed on April 29, 2004, and was recorded in Henderson County, Kentucky, land records in Book 860, Page 117, on May 25, 2004.

5. The Knoll Top loan was paid in full on September 7, 2004.

6. On or about September 15, 2004, Fifth Third filed a Deed of Release (the "Release"), recorded in Mortgage Book 875, Page 510, in the Office of the County Court Clerk of Henderson County, Kentucky.

7. The Release references the mortgage recorded in Mortgage Book 860, on Page 117, *i.e.*, the Knoll Top mortgage. It further indicates that the mortgage released was executed on April 29,2004, and filed of record in Henderson County on May 25, 2004. This information also corresponds to the Knoll Top mortgage. Additionally, the loan number appearing on the Release matches the loan number of the Knoll Top mortgage.

8. Despite referencing the Knoll Top mortgage book and page number, the execution date of the Knoll Top Mortgage, and the Knoll Top mortgage loan number, the Release included a property address of "9320 US Highway 41A, Henderson KY 42420."

9. On September 10, 2007, the Debtors filed Chapter 7 bankruptcy in U. S. Bankruptcy Court for the Western District of Kentucky, Case No. 07-40976.

10. Roberta S. Dunlap is the duly qualified and acting Trustee in this case, appointed pursuant to Section 701 of the Bankruptcy Code on September 11, 2007.

11. Fifth Third filed a secured proof of claim in this bankruptcy, attaching the loan documents corresponding to the 9320 Property.

12. On December 1, 2007, the Trustee initiated this adversary against Fifth Third seeking to avoid the Bank's security interest in the 9320 Property. The Trustee alleged that the Release by Fifth Third rendered its mortgage lien on the 9320 Property avoidable pursuant to the trustee's avoiding powers of 11 U.S.C. § 544(b). She further alleged that Fifth Third's unperfected security interest is subordinate to the rights of the Trustee who may dispose of

the property for the bankruptcy estate, free of Fifth Third's security interest.

13. Fifth Third answered the Trustee's complaint alleging that the Release referenced the mortgage of the Knoll Top Property, rather than 9320 Property.

14. On March 12, 2008, the parties filed stipulations, which the Court hereby incorporates by reference.

15. On April 19, 2008, the Trustee moved for Summary Judgment alleging no genuine issues of material fact, and that she was entitled to judgment as a matter of law.

16. On May 12, 2008, Fifth Third filed its response to the Trustee's summary judgment motion, agreeing that no genuine issue of material fact existed, and requesting that the Court grant judgment in its favor as a matter of law.

## IV.  LEGAL DISCUSSION

As stated above, under Rule 56(c) of the Federal Rules of Civil Procedure and Rule 7056 of the Federal Rules of Bankruptcy Procedure, a party is entitled to judgment only if that party can establish that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law.  The Court must determine not whether it thinks the evidence unmistakably favors one side or the other, but whether a fair minded trier of fact could return a verdict for a nonmoving party on the evidence presented. Anderson v. Liberty Lobby, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The parties do not dispute the relevant facts in this case, but disagree as to their legal effect. The primary issue before the Court is the effect of the inclusion of 9320 Property street address in the Release filed September 14, 2004.  In other words, despite referencing the book and page of the Knoll Top mortgage, the Knoll Top mortgage execution date, and the Knoll Top loan number, did

4

the Release effectuate a release of the mortgage of the 9320 Property simply by the inclusion of the 9320 Property street address, and, if so, does the Trustee obtain a superior interest in the 9320 Property via her 11 U.S.C. § 544 avoiding powers.

The Court will address the second part of the question first. Judge William Howard, from the United States Bankruptcy Court, Eastern District of Kentucky, has written at least two opinions that touch upon the issues raised in this case. In In re Hodge, 2004 WL 3622642 (Bankr. E.D. Ky. 2004), Judge Howard held that when a mortgagee erroneously releases a mortgage, there is no need for the Trustee to exercise her § 544 avoiding powers, as the mortgagee "retained no interest in the Property following the recordation of the release, so § 544(a) does not authorize the Trustee to avoid such an interest." Id. at 3 (citing Citizens State Bank v. United States, 932 F.2d 490 (6th Cir. 1991)). Because Fifth Third no longer held any interest in the property, the "Trustee need not – indeed, cannot – avoid such an interest." Id. at 4. Likewise, in In re Colemire, 2007 WL 2571675 (Bankr. E.D. Ky. 2007), a case also involving a mortgage release, Judge Howard wrote that "even though a Chapter 13 debtor may avail himself of the strong arm powers granted by Bankruptcy Code section 544(a), there is no need for the Debtor here to avoid U.S. Bank's first mortgage lien, but may treat U.S. Bank as an unsecured creditor as regards the first mortgage."

This Court agrees with Judge Howard's analysis and interpretation of the relevant state law, as well as the Sixth Circuit holdings on this matter. This does not, however, end this discussion. While it is true, that once a release is entered, a bankruptcy trustee takes a superior position than the mortgagee who released the mortgage, erroneously or otherwise, the release in question must be valid. The Court finds the Release in question here does not terminate Fifth Third's interest in the 9320 Property.

5

To properly examine this question, the Court first turns to the appropriate statute. Kentucky Revised Statute ("KRS") 382.360(1) provides:

> (1) Liens by deed or mortgage may be discharged by an entry acknowledging their satisfaction on the margin of the record thereof, or in the alternative, at the option of the county clerk, in a marginal entry record, signed by the person entitled thereto, or his or her personal representative or agent, and attested by the clerk, or may be discharged by a <u>separate deed of release, which shall recite the date of the instrument and deed book and the page wherein it is recorded</u>. Such release in the case of a mortgage or deed of trust shall have the effect to reinstate the title in the mortgagor or grantor or person entitled thereto. Each entry in the marginal entry record shall be linked to its respective referenced instrument in the indexing system for the referenced instruments.

KRS 382.360(1) (emphasis added). In this case, the Release does not recite the date of the instrument on the 9320 Property. Nor does the Release recite the deed book and the page where the mortgage on the 9320 Property was recorded. Instead, the Release simply mentions the 9320 Property in the property address section of the release, a section statutorily unnecessary to be included in the release. Without the date of execution recitation, or at a minimum the correct deed book and page recitation, the Court cannot find that this Release discharges Fifth Third's lien on the 9320 Property.

The Trustee contends in her summary judgment motion that "[both] parcels of real estate are combined in the release. The release sets out that it is releasing Mortgage Book 860, Page 117 (Knoll Top Lane property) and also sets out that it is releasing a mortgage on '9320 U.S. Highway 41-A' (residence property)." The Court respectfully disagrees. The Release makes no mention whatsoever of the <u>mortgage</u> on the 9320 Property. Because the Release fails to comply with the statutory release requirements, the Court cannot find that the Release operated to terminate Fifth Third's mortgage on the 9320 Property.

6

The Court, having found that Fifth Third still holds a properly perfected mortgage that has not been released, must find that the Trustee cannot prevail pursuant to 11 U.S.C. § 544. Accordingly, the Court will dismiss this complaint. The Court shall enter an Order this same date in accordance with the holding of this Memorandum.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| CHRISTOPHER SCOTT KERR and ) | Case No. 07-40976 |
| ROBERTA ANNE KERR ) | Chapter 7 |
| Debtors. ) | |
| _____ ) | |
| ROBERTA S. DUNLAP, TRUSTEE ) | |
| Plaintiff. ) | |
| vs. ) | A.P. No. 07-4051 |
| FIFTH THIRD MORTGAGE COMPANY ) | |
| Defendant. ) | |
| _____ ) | |

**JUDGMENT**

Pursuant to the Court's Memorandum entered this same date and incorporated herein by reference,

**IT IS ORDERED** the Defendant's Motion for Summary Judgment is **GRANTED**, and Plaintiff's Complaint is hereby dismissed, with prejudice.